**UNITED STATES of America**

v.

**Matthew Dale ADAIR.**

**Crim. No. C–86–161–S.**

United States District Court,
S.D. Texas,
Corpus Christi Division.

Dec. 16, 1986.

Robert Berg, Asst. U.S. Atty., Corpus Christi, Tex., for plaintiff.

J. Douglas Tinker, Corpus Christi, Tex., for defendant.

ORDER OF DISMISSAL

HEAD, District Judge.

The Defendant Matthew Dale Adair was arrested at the Corpus Christi International Airport on September 3, 1986, when he was found in possession of a .25 caliber automatic pistol as he passed through the airport security checkpoint. Shortly after his arrest he was indicted and charged with attempting to board an airplane with a pistol, in violation of 49 U.S.C. § 1472(*l*) and with being a felon in possession of a firearm, in violation of 18 U.S.C.App. § 1202(a). The air transportation charge was dismissed at trial without objection by the Government because the Government failed to set forth the elements of the offense within the indictment. This order of dismissal applies to Count II of the indictment.

On May 19, 1986, the Firearm Owners' Protection Act, P.L. 99–308, May 19, 1986, *reprinted* in No. 5 U.S.Code Cong. & Ad. News, 100 Stat. 449, July 1986, was made law. This broad Act modified federal firearms law in numerous respects. Pertinent to this case is the Act's repeal of § 1202(a), the statute under which this Defendant is charged. This repeal was made effective November 15, 1986. 18 U.S.C.App. § 1202(a) (Supp. III 1986). The date of trial was December 12, 1986. Unless this prosecution under § 1202(a) is saved by the general savings statute, 1 U.S.C. § 109, then the statutory basis for prosecution is lost and this case must be dismissed.

Also pertinent to this Court's decision is another amendment to federal firearms law found within the new Firearms Owners' Protection Act, *supra*. The sole statute prohibiting the possession of a firearm by a convicted felon is now 18 U.S.C. § 922, which statute and § 1202(a) have previous-

ly existed in firearms law together and prosecutions have proceeded under both. *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). The Firearms Owners' Protection Act, *supra,* has redefined "conviction" at 18 U.S.C. § 921(a)(20)(B) (Supp. III 1986) and provided that a previously convicted felon whose sentence has been set aside by state law has not been convicted for purposes of a prosecution under § 922. This redefinition of "conviction" became effective November 15, 1986, the same date that § 1202(a) was effectively repealed.

The Government concedes that the Defendant's conviction has been set aside by order of the courts of Nueces County, Texas, and that if this prosecution had originally proceeded under the unamended § 922, then the redefinition of "conviction" would have become available after November 15, 1986, to the Defendant as a defense at his trial. Because Congress repealed § 1202(a) completely, it apparently saw no need to redefine "conviction" for the purposes for § 1202(a), as it had § 922. The impact of the definitional change in the word "conviction" which applies to § 922, but which does not apply to § 1202(a) is apparent.

Congress clearly intended that the definition of "conviction" would be changed when the Act became effective, but, under the Government's interpretation, it would be changed only for those fortunate to be prosecuted under § 922. Those being prosecuted under a "saved" § 1202(a) could not avail themselves of that defense. If the Court were to save § 1202(a) and not give recognition to the redefinition of "conviction" it would not only frustrate congressional intention to protect certain persons whose convictions had been set aside, but it would also capriciously deny to one of two defendants equally situated the right to avail himself of a defense. Title 1 U.S.C. § 109 was clearly not intended to result in a frustration of congressional intention or a lack of due process. The prosecutorial discretion which existed before the repeal of § 1202(a) now produces "unequal justice" in discriminating among members of

a class of defendants. *Batchelder,* 99 S.Ct. at 2204.

Accordingly, this Court holds that under the circumstances of this case, when there is an offense committed after May 19, 1986, and there is a prosecution pending under § 1202(a) after November 15, 1986, against a defendant who has had his conviction set aside by state law, 1 U.S.C. § 109 does not save § 1202(a) for that prosecution.

Accordingly, Count II is dismissed.