849 F.2d 541
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Von KOLTER, Defendant-Appellant.
 Nos. 87-8011, 87-8366.
 United States Court of Appeals,
Eleventh Circuit.
 July 13, 1988.
 
 Darel C. Mitchell, Decatur, Ga., Jake Arbes, Abbott & Arbes, Atlanta, Ga., for defendant-appellant.
 Robert L. Barr, Jr., U.S. Atty., Robert D. Boyd, Asst. U.S. Atty., Carolyn J. Adams, Atlanta, Ga., for plaintiff-appellee.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before RONEY, Chief Judge, CLARK, Circuit Judge, and MORGAN, Senior Circuit Judge.
 CLARK, Circuit Judge:
 
 
 1
 Mark Von Kolter appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.App. Sec. 1202(a)(1). Between the time Kolter was indicted and tried, Congress enacted legislation that redefined the term "convicted felon." Because we find that the new act applies to Kolter and that he was not a "convicted felon" on the date of his trial, we reverse his conviction.
 
 
 2
 In 1973, Kolter pleaded guilty in state court to burglary and was sentenced under the provisions of the Georgia Youthful Offender Act of 1972. In 1976, the State Board of Pardons and Paroles unqualifiedly restored all the civil and political rights Kolter had lost as a result of the burglary offense.
 
 
 3
 In July 1985, police officers found firearms and ammunition in a house where they believed Kolter resided. Kolter was indicted in September 1986 for the federal offense of possession of a firearm by a convicted felon, the underlying felony being his 1973 burglary conviction.
 
 
 4
 On November 19, 1986, the day Kolter's trial commenced, Kolter moved to dismiss his indictment on the ground that effective November 15, Congress had redefined "convicted felon" and that the restoration of his civil rights removed him from the class of persons who could be prosecuted under the federal firearms law. The court denied the motion and Kolter was convicted on November 20.
 
 
 5
 Kolter now appeals the denial of his motion to dismiss and maintains the redefinition of "convicted felon" should have been applied to his case. The government responds that Kolter was a convicted felon when he possessed the firearms as well as when he was indicted, and therefore, under circuit precedent, the new law does not apply to him. Kolter challenges the sufficiency of the evidence as well. Because we hold his indictment should have been dismissed, we do not reach this issue.
 
 
 6
 Originally, the federal firearms laws encompassed two separate statutes, 18 U.S.C.App. Sec. 1202 and 18 U.S.C. Sec. 922. United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Section 1202(a) proscribed the receipt, possession, or transportation of a firearm by a convicted felon. Section 922(g), (h), proscribed the shipping, transportation, or receipt of a firearm by a convicted felon. Under Supreme Court precedent, "convicted felon" was defined according to federal law. Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 111-12, 103 S.Ct. 986, 991, 74 L.Ed.2d 845 (1983).
 
 
 7
 On May 19, 1986, Congress enacted the Firearms Owners' Protection Act, which modified the law in two ways significant to this case. First, effective November 15, 1986, it repealed Sec. 1202(a), the statute under which Kolter was convicted, and amended Sec. 922(g) to include the Sec. 1202(a) possession offense. 18 U.S.C. Sec. 921 note (Supp.1987); see 18 U.S.C. Sec. 922(g) (Supp.1987). Second, Congress rejected the Dickerson rule by inserting the following language:
 
 
 8
 What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 9
 18 U.S.C. Sec. 921(a)(20). This subsection also became effective November 15, 1986. 18 U.S.C. Sec. 921 note (Supp.1987).
 
 
 10
 Under Dickerson, the restoration of Kolter's civil rights would not bar his federal conviction as it did not alter the historical fact of his state felony conviction. Under federal law prior to the amendment he would be a "convicted felon." See Dickerson v. New Banner Institute, Inc., 460 U.S. at 114-15, 103 S.Ct. at 992-93. However, under Sec. 921(a)(20), Kolter would not be a "convicted felon" as the restoration of his civil rights was not qualified by a firearms restriction.
 
 
 11
 The precise issue we must decide is whether Sec. 921(a)(20) applied to Kolter, since he was tried and convicted after its effective date even though he committed the charged offense and was indicted when Dickerson was the law. The general rule is that a new statute should apply to cases pending on the date of its enactment unless manifest injustice would result or there is a statutory directive or legislative history to the contrary. Bradley v. School Board of Richmond, 416 U.S. 696, 711-14, 94 S.Ct. 2006, 2016-17, 40 L.Ed.2d 476 (1974); United States v. Fernandez-Toledo, 749 F.2d 703, 705 (11th Cir.1985); Central Freight Lines, Inc. v. United States, 669 F.2d 1063, 1069 (Former 5th Cir. Unit A 1982); Corpus v. Estelle, 605 F.2d 175, 180 (5th Cir.1979), cert. denied, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980).
 
 
 12
 The government contends we should find Congress intended the redefinition of "convicted felon" contained in Sec. 921(a)(20) not to apply based on the general saving statute, 1 U.S.C. Sec. 109. Section 109 reads as follows:
 
 
 13
 The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing Act shall so expressly provide....
 
 
 14
 1 U.S.C. Sec. 109 (emphasis added). We agree with the government that Sec. 109 applies to this case insofar as prosecutions under Sec. 1202(a), the statute under which Kolter was convicted, are saved even though Sec. 1202(a) has been repealed. See United States v. Gourley, 835 F.2d 249, 250 n. 1 (10th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); United States v. Springfield, 829 F.2d 860, 865 (9th Cir.1987).[1] However, in enacting Sec. 921(a)(20), Congress did not repeal a statute--it changed the rule announced in Dickerson v. New Banner Institute, which had interpreted a statute. Because Sec. 921(a)(20) did not repeal a statute but merely changed Dickerson 's definition of a "convicted felon," Sec. 109 does not save the old definition. Cf., United States v. Brown, 429 F.2d 566, 567-68 (5th Cir.1970) (Sec. 109 applied when a statute repealed another statute and the repealing statute contained no provision regarding retroactivity).
 
 
 15
 Moreover, even if Sec. 921(a)(20) had repealed a statute, Sec. 109 would not apply as the redefinition of "convicted felon" did not "release or extinguish any penalty, forfeiture, or liability." "Penalty, forfeiture, or liability" is synonymous with punishment. United States v. Breier, 813 F.2d 212, 216 (9th Cir.1987) (Noonan, J., concurring), cert. denied, --- U.S. ----, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988); United States v. Blue Sea Line, 553 F.2d 445, 448 (5th Cir.1977). The redefinition of "convicted felon" did not affect the punishment provided but merely altered the class of persons for whom the specified conduct is prohibited. United States v. Breier, 813 F.2d at 216 n. 5.
 
 
 16
 The issue presented in this case is identical to that determined in United States v. Mechem, 509 F.2d 1193 (10th Cir.1975). That case involved the indictment and arraignment of Frankie Chavez in August of 1974 on charges of rape and first degree murder in Indian Country. Chavez was fourteen years of age and under the Federal Juvenile Delinquency Act then in force, 18 U.S.C.A. Secs. 5031-5037, Chavez could be treated as an adult when the charges were of a serious nature. However, on September 7, 1974, Congress, by statute, amended Secs. 5031 and 5032 to provide that a juvenile under sixteen should be proceeded against only under the federal juvenile statute unless he in writing waived that right. The district court had held that Chavez could not be tried because of the change in the statute. On appeal the government, as in this case, argued that the general savings statute, 1 U.S.C. Sec. 109, required trial of Chavez as an adult. The Tenth Circuit held:
 
 
 17
 We cannot agree that the saving statute bars availability of the new Delinquency Act provisions for Chavez. The cases relied on by the Government do not deal with a comparable situation of a statutory change mandating a new basic procedure as to a class of offenders.
 
 
 18
 509 F.2d at 1195. This reasoning was followed by the United States District Court in the Southern District of Texas in United States v. Adair, 649 F.Supp. 61 (S.D.Tex.1986), in a case involving the identical question presented to us by this appeal. The court reasoned as follows:
 
 
 19
 Congress clearly intended that the definition of "conviction" would be changed when the Act became effective, but, under the Government's interpretation, it would be changed only for those fortunate to be prosecuted under Sec. 922. Those being prosecuted under a "saved" Sec. 1202(a) could not avail themselves of that defense. If the Court were to save Sec. 1202(a) and not give recognition to the redefinition of "conviction" it would not only frustrate congressional intention to protect certain persons whose convictions had been set aside, but it would also capriciously deny to one of two defendants equally situated the right to avail himself of a defense. Title 1 U.S.C. Sec. 109 was clearly not intended to result in a frustration of congressional intention or a lack of due process.
 
 
 20
 649 F.Supp. at 62. We find the reasoning by the courts in Mechem and Adair to be persuasive.
 
 
 21
 The government argues we are bound by United States v. Orellanes, 809 F.2d 1526 (11th Cir.1987), petition for cert. filed, 56 U.S.L.W. 3739 (U.S. Apr. 26, 1988) (No. 87-1691), to find Sec. 921 does not apply. Orellanes had pleaded guilty in state court and that court had withheld adjudication. He later pleaded guilty to a federal charge of receiving a firearm by a convicted felon, but challenged whether he was a convicted felon because adjudication had been withheld by the state court. The Orellanes court affirmed the conviction, finding Orellanes was a "convicted felon" under both P.L. 99-308 (later codified as Sec. 921) and Dickerson. The Orellanes court did indicate that Sec. 109 saved the penalties that accrued to Orellanes under the firearm statute before the enactment of Sec. 921. However, Orellanes is distinguishable because, unlike Kolter, Orellanes was a "convicted felon" under both the old and new laws. Although Orellanes plead not guilty, he entered into a plea agreement with the government providing for a conditional plea subject to his right to appeal the district court's denial of his claim that he was not a convicted felon under Florida law. The district court entered the judgment of conviction on April 30, 1986 which was prior to the passage on May 19 by Congress of the change in law which we are considering in this case. The change in law was discussed in the Orellanes panel opinion because on appeal Orellanes raised this issue: "Enactment of Public Law No. 99-308 on May 19, 1986, abates or will abate all pending prosecutions which have not reached final disposition in the highest court authorized to review them, as its various provisions take effect." United States v. Orellanes, 809 F.2d 1526, Appellant's Brief at 4. The government in urging the Orellanes' panel opinion upon us was undoubtedly unaware of the factual distinctions between that case and this case.
 
 
 22
 The government also cites United States v. Holley, 818 F.2d 351 (5th Cir.1987), to support its position. However, Holley was charged, convicted and sentenced before November 15, the effective date of Sec. 921. The Holley court found no reason to apply the statute retroactively when Congress had specified the November 15 effective date. In contrast, Kolter was convicted and sentenced after November 15.
 
 
 23
 Because there is no statutory directive or legislative history indicating Congress intended Sec. 921(a)(20) not to apply to pending cases, we find that it does so apply as of November 15, 1986, its effective date. See Bradley v. School Board of Richmond, 416 U.S. at 711-14, 94 S.Ct. at 2016-17. No manifest injustice to either party results as such an application is favorable to Kolter and, had Congress intended otherwise, it would have so indicated.
 
 
 24
 Because Kolter's trial did not begin until November 19, his case was pending on the November 15 effective date. Applying Sec. 921(a)(20), we hold Kolter was not a convicted felon within the meaning of 18 U.S.C.App. Sec. 1202(a). Accordingly, his conviction is REVERSED.
 
 
 
 [1]
 Moreover, even without Sec. 109, a prosecution under Sec. 1202(a) might be saved because Congress incorporated the Sec. 1202(a) offense into the new Sec. 922(g). In United States v. Adair, 649 F.Supp. 61 (S.D.Tex.1986), a prosecution under Sec. 1202(a), the government conceded Adair would not be a convicted felon after November 15 under Sec. 921(a)(20), but maintained that the new law applied to Sec. 922 prosecutions, but not Sec. 1202(a) cases, because Congress repealed Sec. 1202(a) at the same time the new law became effective. The Adair court ruled that the Sec. 1202(a) prosecution was saved by Sec. 109 but held also that the new definition of "convicted felon" applied to the saved prosecution. The issue in Von Kolter's case, which the government had conceded in Adair, is whether the new law could bar any prosecution underway on November 15