Charles E. JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

No. 86–215.

District of Columbia Court of Appeals.

Argued Feb. 14, 1990.

Decided June 28, 1990.

M. Elizabeth Kent, appointed by this court, for appellant.

Rachel Adelman–Pierson, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BELSON and TERRY, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

This is an appeal from the trial court's refusal to vacate the sentence it had imposed upon appellant in 1985 after he pleaded guilty to distribution of cocaine. D.C.Code § 33–541(a)(1) (1988 Repl.). The trial court sentenced appellant to a minimum of 20 months' imprisonment in accordance with the mandate contained in D.C.Code § 33–541(c)(1)(B) (1988 Repl.).

█ About one year after the trial court denied appellant's motion to vacate his sentence, the Council of the District of Columbia enacted legislation providing that a sentencing court in its discretion might "waive the mandatoryminimum sentencing" in the case of one convicted of cocaine distribution if the court determined that such a defendant was an addict and was otherwise eligible. D.C.Law 6–201, § 2(c), 34 D.C. Reg. 524–25 (1987) ("1987 Amendment"). Appellant "requests that this court remand [t]his case for resentencing with instruc-

tions to apply the 1987 Amendment retroactively to this case."[1]

■ The government points out that the provisions in the 1987 Amendment "do not mandate retroactive application either expressly or by implication." The government further points to 1 U.S.C. § 109 (1988) as setting forth "the general rule of non-retroactivity." This statute is applicable to the instant appeal, *Estep v. Construction General, Inc.*, 546 A.2d 376, 378–79 (1988); *O'Connell v. Maryland Steel Erectors, Inc.*, 495 A.2d 1134, 1142 n. 16 (D.C.1985), *cert. denied*, 475 U.S. 1066, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), and provides in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109 (1988). In the view of the government, "appellant's argument for the retroactive application of the 1987 amendment to the addict exception must fail as the result of the straightforward application of the relevant statutory provision[s]." We agree with the government's position and affirm the trial court.

■ In response to the government's argument, appellant first argues: "The 1987 Amendment ... simply expanded the scope of the addict exception but repealed absolutely nothing. Since no statute was repealed, there was no statute to be saved by 1 U.S.C. § 109, which is quite simply inapplicable." We are not persuaded by appellant's contention that the 1987 Amendment "repealed absolutely nothing." As appellant concedes, the 1987 legislation in fact "inserts" language into and "strikes" language from the existing statute. D.C.Law 6–201, § 2(c), 34 D.C. Reg. 525 (1987). Even if the 1987 Amendment had not actually repealed some of the provisions of the then-existing statute, courts have recognized that Section 109 applies to and bars retroactivity of legislation changing criminal penalties even when such enacted legislation changes but does not supplant a prior statute. *See, e.g., United States v. Breier*, 813 F.2d 212, 215 (9th Cir.1987), *cert. denied*, 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988); *United States v. Mechem*, 509 F.2d 1193, 1194 n. 3 (10th Cir.1975). Therefore, we reject appellant's contention that Section 109 is "quite simply inapplicable."

Second, appellant argues that *United States v. Kolter*, 849 F.2d 541 (11th Cir. 1988), is applicable here, but that case is quite distinguishable. There, unlike the instant case, the amendatory legislation which the appellate court concluded was applicable had been enacted *prior to* the defendant's trial and conviction. *Id.* at 543, 545. Moreover, the amendatory legislation at issue in *Kolter* did not in the court's view "release or extinguish any penalty, forfeiture, or liability" incurred under the prior statute. *Id.* at 544. Here, the 1987 Amendment, if applied to appellant's 1985 conviction, would "release or extinguish" the penalty he incurred, *viz.*, mandatory imprisonment. Finally, we note that the court concluded in *Kolter* that Section 109 was not involved because the amendatory language did not repeal "any statute," as that term is used in Section 109, but merely repealed a judicial interpretation of the prior statute. *Id.* In the instant case, the 1987 Amendment modified the prior statute itself, not a judicial interpretation of such statute.[2]

---

**1.** Appellant noted this appeal in January 1986, but all briefs were not finally filed until October 1989. The government suggests that the instant appeal is moot because appellant "faces the same period of incarceration based upon his concurrent conviction in [another case involving cocaine distribution] regardless of the court's decision in this case." Given the particular circumstances of this case, in which appellant's attorney is represented to be "the fifth attorney on appeal," we decline to invoke the so-called "concurrent sentence" doctrine. *See* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533.4 (1984).

**2.** Appellant suggests that this court's decision in *Backman v. United States*, 516 A.2d 923 (D.C. 1986), was a judicial interpretation of the statute

Appellant next contends, citing *Hamm v. City of Rock Hill,* 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964), that for reasons of public policy this court must construe the 1987 Amendment retroactively because it is more lenient than its statutory predecessor. In *Hamm,* the Supreme Court held that the passage of the Civil Rights Act of 1964 operated to abate pending pre-enactment criminal trespass convictions arising from "sit-in" demonstrations, and that Section 109 did not compel a different result. *Id.* at 312–14, 85 S.Ct. at 389–91. The *Hamm* Court distinguished other cases which did apply Section 109 by noting that unlike them, the Civil Rights Act "substitutes a right for a crime." *Id.* at 314, 85 S.Ct. at 390.

■ The 1987 Amendment in the instant case does not fall within the narrow exception carved out in *Hamm.* Rather, the instant case is more analogous to *Warden v. Marrero,* 417 U.S. 653, 661–62, 94 S.Ct. 2532, 2537–38, 41 L.Ed.2d 383 (1974), where the Supreme Court held that ineligibility for parole constituted a "penalty" for purposes of Section 109, and supported its holding by noting that "the savings clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Id.* at 661, 94 S.Ct. at 2537.[3]

Finally, appellant contends that the instant case is analogous to *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), in which the Supreme Court held that judicial decisions of constitutional magnitude would be applied retroactively to convictions pending on direct appeal. He argues that the analysis of *Griffith* is applicable here. However, as appellant concedes, "there are major differences between constitutional and statutory retroactivity analyses," most notably that Section 109 is applicable to legislative enactments, but not to changes in the law brought about by judicial decisions. *See* 1 U.S.C. § 109 (1988).

*Affirmed.*

---

repealed by the 1987 Amendment so as to put this case within the reasoning of *Kolter.* *Backman* in our view did not interpret or otherwise construe the statute at issue. Rather, in *Backman* we rejected a constitutional challenge to the statute, *id.* at 926–27, and a contention that the voters who had enacted the legislation by means of the initiative process intended to include cocaine addicts within the reach of the statute, even though the provisions of the proposal they approved unambiguously excluded those addicted to cocaine. *Id.* at 925–26.

3. Similarly, appellant's contention that the statute's remedial nature warrants application of the common-law "rule of lenity" fails in light of the clear mandate of *Warden v. Marrero, supra,* 417 U.S. at 661, 94 S.Ct. at 2537.