Richard Grant **DAVIS**, Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 91–2253.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1991.
Decided Aug. 6, 1992.

Woodline's offers of reinstatement were not specific, unequivocal, and unconditional.

**228**

Karla Faltz, Des Moines, Iowa, for appellant.

Gary Hayward, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Richard Grant Davis was convicted of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). Based upon his prior felony convictions, he received the mandatory fifteen-year sentence prescribed by the sentence enhancement provision of the statute. After an unsuccessful appeal, Davis brought this 28 U.S.C. § 2255 motion to vacate his sentence, arguing that two prior convictions should not have been used to enhance because his civil rights were restored when he completed the prison terms. Davis appeals the district court's[1] denial of relief. We affirm.

### I.

In August 1986, Davis was indicted for violating § 1202(a) after police found a handgun and a rifle in his home. The indictment listed his four previous felony convictions, and the government filed a notice that it would seek imposition of the enhanced sentence authorized under the Armed Career Criminal Act amendments to § 1202(a):

> In the case of a person who receives, possesses, or transports ... any firearm and who has three previous convictions ... for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ... and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

Pub.L. 98–473, § 1802, 98 Stat. 2185 (1984); *see generally United States v. Rush*, 840 F.2d 574 (8th Cir.1988) (en banc).

Davis was convicted on January 5, 1987, and the jury found that he had been convicted of the four previous felonies. He was sentenced to fifteen years without parole. On direct appeal, Davis argued that the enhanced sentence was invalid because § 1202(a) had been repealed after he committed the offense but before his conviction and sentencing. We affirmed, holding that Davis's conviction and sentence under the repealed statute were permitted under the general savings clause in 1 U.S.C. § 109. *United States v. Davis*, 845 F.2d 1028 (8th Cir.), *cert. denied*, 487 U.S. 1239, 108 S.Ct. 2912, 101 L.Ed.2d 943 (1988).

Davis then filed this § 2255 motion to vacate his sentence, launching a different attack on the fifteen-year enhancement.[2] He now claims that his 1964 Nebraska conviction for breaking and entering and possession of burglary tools may not be counted for sentence enhancement purposes. He argues that the certificate he received after completing his prison term for that offense recited that his civil rights were restored, and therefore the conviction must be excluded from the sentence enhancement calculation under a definitional provision enacted in the statute that repealed § 1202(a):

> What constitutes a conviction of such a crime shall be determined in accordance

---

**1.** The HONORABLE HAROLD D. VIETOR, Chief Judge, United States District Court for the Southern District of Iowa.

**2.** The government has not argued that Davis's claims are procedurally barred because available, but not made, on his direct appeal. *See United States v. Smith*, 843 F.2d 1148 (8th Cir. 1988). Therefore, we do not consider this issue.

with the law of the jurisdiction in which the proceedings were held. *Any conviction* which has been expunged, or set aside or *for which a person* has been pardoned or *has had civil rights restored shall not be considered a conviction for the purposes of this chapter, unless such* pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.* Pub.L. 99–308, § 101(5), 100 Stat. 450 (1986), amending 18 U.S.C. § 921(a)(20) (emphasis added).

The district court held that the amended § 921(a)(20) applied retroactively to Davis's § 1202(a) sentencing but nonetheless denied relief. Noting that, when Davis was discharged in 1968, a Nebraska statute prohibited him from possessing a handgun, the district court held that Davis's discharge certificate did not restore his "civil right" to possess firearms for purposes of § 921(a)(20). Therefore, the Nebraska conviction was properly counted for sentence enhancement purposes.

Davis appeals that ruling. In addition, after his case was submitted on appeal, he filed a motion to remand to the district court so that he could challenge on the same ground his 1958 Iowa conviction for breaking and entering.[3] For the reasons stated in this opinion, the motion to remand is denied.

## II.

■ We disagree with the district court's conclusion that amended § 921(a)(20) applies to Davis's sentencing under repealed § 1202(a). Section 921(a)(20) is a definitional provision; it defines the term "crime punishable by imprisonment for a term exceeding one year" "as used in this chapter." The chapter referred to is Chapter 44 of Title 18, which encompasses the current statute prohibiting felons from possessing firearms, § 922(g), and the current sentence enhancement provision, § 924(e)(1). Chapter 44 does not now *and never has* included § 1202(a). Thus, by its plain language, § 921(a)(20) does not apply to a § 1202(a) prosecution. When dealing with these statutes, the Supreme Court has emphasized that unambiguous statutory language "is to be regarded as conclusive unless there is 'a clearly expressed legislative intent to the contrary.'" *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).

A review of the history of these federal firearm statutes convinces us that the unambiguous language limiting § 921(a)(20) to Chapter 44 should be obeyed. The legislative history begins with the Omnibus Crime Control and Safe Streets Act of 1968.[4] Title IV of that Act enacted Chapter 44, including 18 U.S.C. § 922(g), which made it unlawful

> for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport any firearm or ammunition in interstate or foreign commerce.

*See* 82 Stat. 1220. Title VII of the Act enacted § 1202(a), which provided that

> Any person who (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... and who ... possesses ... in commerce or affecting commerce ... any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

*See* 82 Stat. 236. These were distinct statutes, each "prohibit[ing] categories of presumptively dangerous persons from transporting or receiving firearms." *Lewis v. United States,* 445 U.S. 55, 64, 100 S.Ct. 915, 920, 63 L.Ed.2d 198 (1980). Each contained its own definition of a conviction that would trigger its prohibitions. For Title IV (Chapter 44), § 921(a)(20) provided:

> (a) As used in this chapter—
> (20) The term "crime punishable by imprisonment for a term exceeding one

---

**3.** Though he has four prior felony convictions, only three were for robbery or burglary. Thus, Davis could avoid the three-conviction enhancement under § 1202(a) if he established that either the Nebraska or the Iowa conviction should not be counted.

**4.** Pub.L. 90–351, 82 Stat. 197 (1968), as amended by Pub.L. 90–618, 82 Stat. 1213 (1968).

year" shall not include (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices as the Secretary may by regulation designate, or (B) any State offense (other than one involving a firearm or explosive) classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

*See* 82 Stat. 1214, 1216. For Title VII, § 1202(c)(2) provided:

(c) As used in this title—

(2) "felony" means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less.

*See* 82 Stat. 237, 1236.

After their initial enactment, it is clear that Congress treated the two statutes as distinct. For example, Congress separately amended the above definitions to exclude State misdemeanors punishable by two years or less in prison. *See* 82 Stat. 1216, 1236 (1968). By contrast, in the Armed Career Criminal Act, the sentence enhancements were imposed for violations of § 1202(a), but not for violations of § 922(g). *See* 98 Stat. 2185 (1984). The Supreme Court also recognized that these were overlapping but distinct statutes. Of particular relevance here, before § 921(a)(20) was amended in 1986, the Supreme Court had expressly noted that the two statutes differed in the extent to which they permitted a qualifying felony conviction to be nullified as a predicate for proving a violation or for enhancing a sentence. *See Dickerson*, 460 U.S. at 114 & n. 10, 103 S.Ct. at 993 & n. 10.

The amended § 921(a)(20) upon which Davis relies was part of the Firearms Owners' Protection Act of 1986. Pub.L. 99–308, 100 Stat. 449 (1986). That statute repealed § 1202(a), placed its felon-in-possession violations in § 922(g), and placed the armed career criminal enhancements in § 924(e). While amending the Chapter 44 definition for future prosecutions, Congress did not correspondingly amend the existing definition of "felony" in § 1202(c)(2) (as it had done in 1968), despite the obvious fact that § 1202(a) would continue to apply to ongoing prosecutions under the savings clause. In these circumstances, we conclude that the district court erred in applying the new § 921(a)(20) beyond its express scope to a § 1202(a) proceeding, thereby ignoring the distinct, unamended definition of "felony" in § 1202(c)(2).[5] Therefore, Davis's Nebraska *and* Iowa convictions were properly included in determining his sentence, and his § 2255 motion to vacate was properly denied.

### III.

Even if the new § 921(a)(20) did apply to Davis's sentencing under § 1202(a), we agree with the district court that his 1964 Nebraska conviction was properly counted for sentence enhancement purposes. Davis received a certificate from the Nebraska Board of Pardons when he completed his prison term reciting that he was "restor[ed] to all his civic rights." Davis argues that, under the new § 921(a)(20), this is a "conviction ... for which [he] has had civil rights restored" that "shall not be considered" for purposes of sentence enhancement.

We disagree. As we explained in *United States v. Traxel*, 914 F.2d 119, 124 (8th Cir.1990), "Because the right to possess firearms is the civil right with which section 921(a)(20) is concerned," a conviction will continue to count if state law prohibits the discharged convict from possessing a

---

5. The district court relied upon *United States v. Kolter*, 849 F.2d 541 (11th Cir.1988), which applied the new § 921(a)(20) to a § 1202(a) prosecution. *Kolter*'s retroactivity analysis totally ignored the express limitation in § 921(a)(20) to Chapter 44 statutes, reinforced by the history of these statutes and the Supreme Court's instruction to treat unambiguous language as conclusive. The Ninth Circuit declined to follow *Kolter* in *United States v. Brebner*, 951 F.2d 1017, 1023 n. 5 (1991). We agree with *Brebner* in this regard.

firearm, even if other civil rights have been restored. *Accord, United States v. Erwin,* 902 F.2d 510, 513 (7th Cir), *cert. denied,* — U.S. —, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). When Davis was discharged from his Nebraska conviction in 1968, a Nebraska statute provided that his Certificate of Discharge would restore only the civil rights he lost when convicted, namely, the right "to be an elector or juror, or to hold any office of honor, trust, or profit within this state." Neb.Rev.Stat. § 29–112. Another statute, enacted in 1967, made it unlawful "for any person who has been convicted of a felony ... to possess any firearm with a barrel less than twelve inches in length." Neb.Rev.Stat. § 28–1011.15 (R.S.Supp.1967) (currently codified, as amended, at § 28–1206). The district court found this 1967 statute dispositive under *Traxel.*

Davis argues that the 1967 statute may not constitutionally be applied retroactively to increase the penalty for his 1964 conviction, citing to our later decision in *United States v. Alfred Davis,* 936 F.2d 352, 356–57 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). The government invites us to revisit this portion of the *Alfred Davis* decision, asserting that it conflicts with many decisions such as *Cases v. United States,* 131 F.2d 916 (1st Cir.1942). However, we need not reach this issue. Nebraska law has denied felons the right to possess short-barreled firearms since 1959. *See* Neb. Rev.Stat. § 28–1011.02 (R.S.Supp.1959). The 1967 law was passed only because its 1961 predecessor had been struck down as unconstitutionally vague in 1965. *Application of Markham,* 178 Neb. 544, 134 N.W.2d 84 (1965). Thus, unlike the Minnesota law at issue in *Alfred Davis,* Nebraska law at the time of Davis's 1964 conviction provided that he could not lawfully possess firearms after serving his prison term.

Finally, Davis argues that the vaguely worded discharge certificate nullifies his Nebraska conviction under the new § 921(a)(20) because the certificate did not "expressly provide that [Davis] may not ship, transport, possess, or receive firearms." However, every other circuit that has squarely faced this contention has rejected it, *see United States v. Cassidy,* 899 F.2d 543 (6th Cir.1990); *United States v. McLean,* 904 F.2d 216 (4th Cir.), *cert denied,* — U.S. —, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990); *United States v. Burns,* 934 F.2d 1157 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1246, 117 L.Ed.2d 478 (1992), and we join them. Under § 921(a)(20), a prior conviction is counted if the defendant may not legally possess a firearm in the state that convicted him. *See United States v. Ellis,* 949 F.2d 952, 953 (8th Cir.1991). As the above cases have recognized, that inquiry necessarily requires that we look to the whole law of a State that has restored some rights, and not simply the ambiguous piece of paper evidencing that restoration. As noted above, our decision in *Traxel* is not to the contrary.

Accordingly, the judgment of the district court is affirmed.

HEANEY, Senior Circuit Judge, concurring.

I concur in the result and in sections I and II of the foregoing opinion.