985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis PIROVOLOS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1628.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1992.
Decided Jan. 26, 1993.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90-C-5899; Charles P. Kocoras, D.J.
 
 
 2
 POSNER, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges
 
 ORDER
 
 3
 In his 28 U.S.C. § 2255 motion, Louis Pirovolos challenged his conviction for illegal possession of a handgun. The district court denied Pirovolos' motion because Pirovolos had not raised his challenge on appeal and because his failure to raise the issues could not have caused prejudice. For the same reason, we affirm.
 
 I. BACKGROUND
 
 4
 In 1973, Pirovolos was convicted of several armed robberies and sentenced to a prison term. In 1983, six years after his release from prison, Pirovolos applied for and received an Illinois Firearm Owner's Identification (FOID) card. See Ill.Rev.Stat. ch. 38, p 83-6. Two years later, federal officers arrested Pirovolos for possessing a firearm.
 
 
 5
 On August 15, 1986, the government charged Pirovolos with being a convicted felon in possession of a handgun in violation of 18 U.S.C. § 1202(1). After a jury found him guilty of the charges, Pirovolos appealed, alleging that evidence was improperly introduced and that the prosecution had engaged in misconduct. This court rejected both claims. Pirovolos then filed a motion under 28 U.S.C. § 2255, raising an issue that had not been addressed at trial or on direct appeal: whether Illinois had authorized him to carry a handgun. The district court denied the motion, and Pirovolos appeals.
 
 II. ANALYSIS
 
 6
 Pirovolos alleges that he was improperly prosecuted under 18 U.S.C. § 1201 et seq., because those sections had been repealed and recodified during his trial[1]. Pirovolos claims that he would have been acquitted if the court had applied one of the recodified sections. See 18 U.S.C. § 922(a)(20). Because Pirovolos failed to raise this issue on appeal, he must show that the state's alleged error prejudiced him. Williams v. United States, 805 F.2d 1301, 1304 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Pirovolos cannot make this showing because his conviction was appropriate under either statutory scheme.
 
 
 7
 Section 1202 forbid "any person who ... has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony" to possess a handgun. The section required higher penalties for individuals, like Pirovolos, who had been convicted of three previous burglaries or robberies. Section 1203(2) provided an exception to 1202's expansive rule for "any person who has been pardoned by the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm."
 
 
 8
 Section 922(g)(1) of the new act[2], like § 1202 of the former act, prohibits "any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. The new sections, however, define a "conviction" differently than the former sections. The former sections included state convictions even after expungement or the restoration of rights. 18 U.S.C. § 1203(2). The newly-enacted 18 U.S.C. § 921(a)(20) provides that:
 
 
 9
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or had civil rights restored shall not be considered a conviction for purposes of this chapter unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 10
 This court has never previously decided whether § 921(a)(20) applies to cases that were pending on FOPA's effective date. Other circuits have discussed this issue with differing results. The Eleventh Circuit has held that the new section applies to all cases still pending on November 15. United States v. Kolter, 849 F.2d 541, 545 (11th Cir.1988). Other circuits have disagreed, holding that the former 18 U.S.C. § 1203(2) applies to all defendants charged under § 1202. See, e.g., Davis v. United States, 972 F.2d 227, 230 (8th Cir.1992); United States v. Brebner, 951 F.2d 1017, 1022 (9th Cir.1991). We need not decide this issue here because Pirovolos' claim fails under either statutory scheme.
 
 
 11
 As a felon in possession of a firearm, Pirovolos fit within §§ 1201, 1202, and 1203. Pirovolos was defined as a "convicted felon" under those statutes because he had been found guilty in state court and because his conviction was never nullified. See Dickerson v. New Banner Inst. Inc., 460 U.S. 103, 111 (1983). Under § 1203(2), a defendant could nullify a conviction only by receiving a pardon and an express authorization to carry a gun. Pirovolos received neither a pardon nor an authorization when he obtained his FOID card. See United States v. Oliver, 683 F.2d 224, 229 (7th Cir.1982) (a FOID card does not affect a conviction under § 1201 et seq.).
 
 
 12
 If the § 921(a)(20) definition applies to his case, Pirovolos' conviction would still have been proper. Pirovolos' contention that Illinois restored his civil rights under § 921(a)(2) by issuing a FOID card conflicts with our decision in United States v. Erwin, 902 F.2d 510, 511 (7th Cir.), cert. denied, 111 S.Ct. 161 (1990). Erwin held that although Illinois restores some rights, including the right to vote and the right to hold licenses, Ill.Rev.Stat. ch. 38, p 1005-5-5, it does not restore the right to own guns. Ill.Rev.Stat. ch. 38, p 24-1.1. The right to possess a gun is not restored unless the state sends the felon "a piece of paper implying that he is no longer 'convicted' and that all civil rights have been restored." Erwin, 902 F.2d at 512. Pirovolos' FOID card was not such a paper. The card did not purport to restore any civil rights, including the right to own a handgun. In fact, both the card and the Illinois statutes warn that the "card does not permit bearer to UNLAWFULLY carry or use firearms." Ill.Rev.Stat. ch. 38, p 83-6, 83-13. This court recognized the importance of these words by affirming Erwin's conviction even though he carried a FOID card. Erwin, 902 F.2d at 513; see United States v. Erwin, 723 F.Supp. 1285, 1289 (C.D.Ill.1989) (contains an extensive discussion of the facts of Erwin's case).
 
 
 13
 Pirovolos claims that Erwin is distinguishable because Erwin obtained his card by lying to the state. Pirovolos argues that his handgun possession was legal because he had legitimately acquired his FOID card. However, Erwin's falsifications were irrelevant to our holding in that case. Erwin, 902 F.2d at 513.
 
 
 14
 Pirovolos also argues that even if Erwin applies here, he falls within an exception noted in that case. He claims that until July 1, 1984, Illinois allowed felons to possess guns, beginning five years after release from incarceration. See Ill.Rev.Stat. ch. 24-3.1. Pirovolos argues that the former law, much as the document restoring civil rights discussed in Erwin, explicitly permitted him to possess weapons at the time he received his FOID card. Pirovolos claims that the state should have informed him when the law changed. However, this court never contemplated such an expansive duty in Erwin, 902 F.2d at 513.
 
 
 15
 Because our decision in Erwin would have supported a conviction under § 921(a)(20), Pirovolos was not prejudiced when the government refused to apply that section.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 The jury trial took place between November 12 and November 19, 1986. Sections 1201 et seq. were repealed and recodified by the Firearm Owner's Protection Act (FOPA), 18 U.S.C. §§ 921-930, on November 15, 1986
 
 
 [2]
 Section 922 existed before the enactment of FOPA but did not contain the provisions that were then part of § 1202. Before FOPA was enacted, § 922 prohibited only the shipping, transportation, and receipt of firearms by convicted felons