**UNITED STATES of America, Appellee,**

**v.**

**Arthur RUMNEY, Defendant, Appellant.**

**No. 92–1438.**

United States Court of Appeals,
First Circuit.

Submitted July 2, 1992.

Decided Nov. 13, 1992.

Arthur Rumney, on brief pro se.

Jeffrey R. Howard, U.S. Atty., and Peter E. Papps, First Asst. U.S. Atty., on Motion for Summary Disposition.

Before SELYA, CYR and BOUDIN, Circuit Judges.

PER CURIAM.

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. app. § 1202(a)(1). Based on his several prior felony convictions for burglary and robbery, he received the mandatory minimum fifteen-year sentence prescribed by the sentence enhancement provisions of the statute. His conviction and sentence were affirmed on appeal. *United States v. Rumney*, 867 F.2d 714 (1st Cir.), *cert. denied*, 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989). Petitioner then filed his first motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied that motion and two subsequent motions for reconsideration. This court affirmed. *United States v. Rumney*, 953 F.2d 632 (1st Cir.1991).

Petitioner now appeals the denial of a cluster of new motions he brought in the district court between January and March, 1992: a second § 2255 motion, and four subsequent motions, variously labeled, which the district court liberally interpreted as seeking reconsideration, on various grounds, of the denial of his second motion for collateral relief under § 2255.

We affirm the first three of the district court's recent decisions for substantially the same reasons stated by that court in each of its careful opinions of January 21, February 4, and February 21, 1992. We also affirm the district court's fourth and fifth decisions of March 10, and March 24, 1992, disposing of petitioner's last two motions for reconsideration, but on somewhat different grounds.

Petitioner argued that his sentence should be set aside because prior to the date of the offense charged in his indictment, his civil rights (including presumably his right to possess firearms) had been restored by New Hampshire law. The district court rejected this argument because New Hampshire does not automatically grant to felons the right to possess firearms. We find it unnecessary to address the scope of New Hampshire law in this case, because the law in effect at the time of petitioner's offense incorporated a federal, and not a state law standard, for determining the effect of petitioner's prior felony convictions.

Petitioner was indicted in February, 1988 for violating 18 U.S.C. app. § 1202(a). § 1202(a) was the law in effect on November 3, 1986, the date petitioner was found in possession of a firearm despite several prior felony convictions. Under § 1202(a), the definition of a prior felony "conviction," for purposes of determining the existence of predicate offenses, is determined by federal, not state law. *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 991–92, 74 L.Ed.2d 845 (1983). Since a state's later restoration of a convicted felon's "civil rights" would not change the historical fact of the conviction, under *Dickerson* it does not bar a conviction and sentence enhancement prescribed by § 1202(a). *Dickerson*, 460 U.S. at 111–12, 103 S.Ct. at 991–92.

Effective November 15, 1986, 18 U.S.C. app. § 1202(a), was repealed and reenacted. The statute's felon-in-possession provisions were incorporated into 18 U.S.C. § 922(g), while the penalty enhancement provisions, in somewhat broader form, were incorporated into 18 U.S.C. § 924(e). At the same time, the definition of "conviction" applicable to federal firearms violations, contained in 18 U.S.C. § 921(a)(20), was amended. The amendment redefined "conviction," by requiring reference to the law of the jurisdiction where the predicate conviction occurred. If that jurisdiction set aside the conviction, issued a pardon or restored the defendant's civil rights without expressly providing that he may not possess firearms, the offense would not constitute a "conviction" under the federal law.

By virtue of the general saving statute, 1 U.S.C. § 109, however, petitioner's case was properly prosecuted under § 1202(a).

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109.

■■■ The saving statute abolished the common-law presumption that repeal of a criminal statute results in an abatement of prosecutions for acts committed prior to the statute's repeal. It fosters, instead, a Congressional policy of avoiding technical abatements and a determination that one who violates the law should not escape sanction by the mere happenstance that the law was repealed after the criminal act was committed. The saving statute is equally applicable to statutory repeals coupled with reenactments (as here) as it is to outright repeals. *See Warden, Lewisburg Penitentiary v. Marrero,* 417 U.S. 653, 660, 94 S.Ct. 2532, 2536–37, 41 L.Ed.2d 383 (1974); *Bradley v. United States,* 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973).

■■■ Since petitioner's offense was properly the subject of indictment and conviction under § 1202(a), despite the statute's repeal and reenactment prior to petitioner's indictment, we see no reason to now revisit the facts of his case for the purpose of determining whether the predicate "convictions" would be similarly defined under the later amendment. The change made by the amendment to 18 U.S.C. § 921(a)(20) seems to us to be the very type of substantive change contemplated by the saving statute, as it redefines the conduct that may result in liability. *But cf. United States v. Kolter,* 849 F.2d 541, 544 (11th Cir.1988).

In denying retroactive effect to the amendment to § 921(a)(20), we join the majority of circuit courts that have ruled on the question. *Davis v. United States,* 972 F.2d 227, 230 (8th Cir.1992); *United States v. Brebner,* 951 F.2d 1017, 1023 (9th Cir. 1991); *United States v. Holley,* 818 F.2d 351, 353 (5th Cir.1987).

We are aware that one circuit court has reached the opposite result by applying the rule of statutory interpretation described in *Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). *See United States v. Kolter,* 849 F.2d 541, 545 (11th Cir.1988). In *Bradley,* it was reasoned that a court should apply "the law in effect at the time it renders its decision, *unless* doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley,* 416 U.S. at 711, 94 S.Ct. at 2016. (emphasis added). We have previously indicated that we do not think this principle is ordinarily applicable to changes in substantive criminal law. *United States v. Havener,* 905 F.2d 3, 5–6 (1st Cir.1990). In any event, we also agree with those courts which have found in the legislative history and statutory design of the amendment to § 921(a)(20), indications of a Congressional direction to apply the amendment prospectively only. *See Brebner,* 951 F.2d at 1023 & n. 6 (Congress manifested its intent that amendment should not apply retroactively by expressly delaying its effective date for six months while simultaneously designating other statutory revisions for immediate effectiveness); *Davis,* 972 F.2d at 229–30 (Congress expressed intention to avoid retroactive effect by expressly limiting use of amended § 921(a)(20) definition to Chapter 44 of the Act, despite Congressional awareness that repealed § 1202(a) would continue to apply to pending cases); *Holley,* 818 F.2d at 353–54 (legislative history shows Congress intended amendment to expand class of persons eligible for relief under Act, not to change previous law).

For the reasons stated, we *affirm* the district court's dismissal of petitioner's § 2255 motion and his four subsequent motions.