72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gerald D. CASTOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-3552 to 94-3554.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1995.*
Decided Dec. 11, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gerald Castor appeals the district court's denial of his three motions, filed pursuant to 28 U.S.C. Sec. 2255, for relief from his criminal convictions. We affirm.
 
 
 2
 * The extortionate schemes of Gerald Castor ("Castor") and his brother, Marvin, culminated in an Indiana gas station shootout on May 8, 1986, during which Marvin killed a deputy sheriff. Castor was charged in eight counts of the nine-count original indictment. Count 9, alleging possession of a firearm by a felon in violation of 18 U.S.C.App. I, Sec. 1202(a)(1),[1] was severed and taken to trial. A jury convicted Castor of the charge on August 31, 1989.
 
 
 3
 A superseding eight-count indictment was subsequently returned.[2] After Counts 1, 2, and 3 of the superseding indictment were severed, a jury convicted Castor of all three. Castor then entered a plea agreement to resolve the remaining counts, whereby he pled guilty to Counts 4 and 6, and the government moved for dismissal of Counts 5 and 8.
 
 
 4
 Castor appealed his convictions on Counts 1, 2, 3, and 9. We affirmed. United States v. Castor, 937 F.2d 293 (7th Cir.1991). Castor then sought collateral relief via three motions pursuant to 28 U.S.C. Sec. 2255.[3] The district court denied all three motions, and Castor appeals.
 
 II
 
 5
 We review the lower court's denial of a section 2255 motion de novo with regard to questions of law, and for clear error with regard to questions of fact. Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). At the outset, we note that section 2255 relief is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Moreover, in addition to restraints on the types of issues that may be raised, the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure."[4] Bischel v. United States, 32 F.3d 259, 263 (7th Cir.1994) (citations and internal quotation marks omitted).
 
 
 6
 We first turn to Castor's claim for relief from his conviction on Count 9 for possession of a firearm by a convicted felon, in violation of the former 18 U.S.C.App. I, Sec. 1202(a)(1). Because Castor had fully served the 18-month sentence imposed for the conviction,[5] the district court found that he did not satisfy the "in custody" requirement of section 2255. The court therefore treated his motion as one for coram nobis relief, a writ that in its modern form is designed to correct the continuing but non-custodial legal disabilities of a conviction. See Lewis v. United States, 902 F.2d 576, 577 (7th Cir.), cert. denied, 498 U.S. 875 (1990).
 
 
 7
 A writ of error coram nobis is an extraordinary remedy to be granted only under compelling circumstances. Howard v. United States, 962 F.2d 651, 653 (7th Cir.1992); see generally United States v. Morgan, 346 U.S. 502 (1954). The petitioner must show that the conviction continues to cause lingering civil disabilities; that the claimed error could not have been raised on direct appeal; and that the error is of the type that "sap[s] the proceeding of any validity" and "would have justified relief during the term of imprisonment." United States v. Keane, 852 F.2d 199, 202-03 (7th Cir.1988), cert. denied, 490 U.S. 1084 (1989).
 
 
 8
 Castor claims that he suffers a continuing disability from his conviction on Count 9 because the government used the conviction to impeach his credibility at his jury trial on Counts 1-3. He argues the 1982 state felony conviction on which Count 9 was predicated was inapplicable because, he alleges, the state had restored his civil rights.[6] Castor relies on a provision of the amended gun control statute, enacted after the repeal of section 1202, that defines "conviction" with reference to state law and recognizes an exception where a state has subsequently restored a convicted felon's civil rights. See 18 U.S.C. Sec. 921(a)(20).[7] He argues that his counsel was constitutionally ineffective for failing to put on a defense and for failing obtain a copy of his Indiana "Unlimited License to Carry a Handgun," which he says was current through 1989 and proved that his civil rights had been restored. (Appellant's Br. at 39-40.)
 
 
 9
 The district court held Castor's petition was barred because he had failed to raise the claim on direct review; because he did not suffer lingering disabilities from the conviction on Count 9; and because the errors he alleged were not of the type that "sap the proceeding of any validity." For the purposes of this appeal, it is enough to affirm the district court that Castor alleges no lingering legal disabilities sufficient to justify a writ of error corum nobis. The only present significance of the conviction is that it was used to impeach him at trial on charges for which he is now serving a sentence. At that trial Castor was already a convicted felon four times over, and the conviction on Count 9 was but one of the crimes offered for impeachment purposes.[8] The independent influence of this conviction on the outcome of the trial was ephemeral at most.
 
 
 10
 Castor next claims he was denied a fair trial because the trial court denied his motion for a jury questionnaire concerning pretrial publicity; that the voir dire was inadequate to reveal juror prejudice; that he was denied a fair trial because the witnesses were not separated; that he was harmed by inadmissible co-conspirator hearsay; that his counsel failed to interview and call certain key witnesses; that his counsel and the court committed evidentiary errors; and sundry other alleged defects. Because Castor presented none of these claims on direct review, they are procedurally defaulted unless he can show cause and prejudice.[9]
 
 
 11
 For cause, Castor relies on ineffective assistance of counsel. To show that counsel was constitutionally ineffective, Castor must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the conviction. Id. at 694. We analyze the ineffectiveness claim by examining "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." United States v. Muehlbauer, 892 F.2d 664, 668 (7th Cir.1990). In any event, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.
 
 
 12
 Nothing in the record rebuts the presumption that Castor's appellate counsel rendered reasonably effective assistance. Appellate counsel is not obligated to raise every nonfrivolous issue on appeal. As we explained in Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986), counsel's conduct falls below the standard of objective reasonableness if "appellate counsel fails to present significant and obvious issues on appeal.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id. The issues Castor cites here are not "significant and obvious," and are in any event far weaker than those presented and decided on direct appeal in United States v. Castor, 937 F.2d 293 (7th Cir.1991). Nor has he shown any reasonable probability that these alleged errors could have altered the outcome of the trial.
 
 
 13
 When a section 2255 petitioner is represented by the same counsel on direct appeal as at trial, or when the evidence in the record would have been insufficient to decide the claim on direct appeal, an ineffective assistance of counsel claim is not forfeited. Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993). However, the petitioner still bears the heavy burden of proof established by Strickland. Castor's claim fails both prongs of the Strickland test: he shows neither that his counsel's performance was deficient, nor that he was prejudiced. The record indicates that Castor's counsel was a thorough and vigilant advocate, not the "albatross" that Castor now portrays him. Moreover, Castor's allegations of error, even taken to be true, are of too little consequence to undermine our confidence in the fundamental fairness of the proceeding.
 
 
 14
 Castor next challenges the validity of his plea agreement on Counts 4-6. He states that the plea resulted from ineffective assistance of counsel, because he would have gone to trial but for his counsel's supposedly erroneous advice on the inadmissibility of evidence Castor wished to introduce "regarding certain banking irregularities and illegal business practices" of the victims of his extortion. (Appellant's Br. at 35.) The Strickland standard applies equally to assistance of counsel in tendering guilty pleas. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). But even supposing that counsel's advice was erroneous, Castor does not indicate how, had he gone to trial, that evidence concerning the alleged misconduct of his victims would have been relevant, let alone exculpatory, to the charged offense of extortion, and thus he fails to show prejudice.
 
 
 15
 Castor is further aggrieved that the district court denied him an evidentiary hearing. He believes that a hearing was required because he "raised allegations of facts outside the record." (Appellant's Br. at 8.) The district court may deny an evidentiary hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see also Humphrey v. United States, 896 F.2d 1066, 1070 (7th Cir.), cert. denied, 498 U.S. 938 (1990). The district court judge was familiar with the details of Castor's claims, having presided over Castor's trials and the acceptance of his guilty plea, making him "uniquely suited to determine whether a hearing was necessary." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989). Because the record shows that Castor's claims, as discussed above, are meritless, and because Castor has not alleged facts outside the record that, if proven, would entitle him to relief, the hearing was properly denied.
 
 
 16
 Finally, Castor argues that the superseding indictment was inherently invalid. A null indictment would raise a jurisdictional defect not subject to procedural default. See, e.g., Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994) (jurisdictional defect not waivable, so no cause and prejudice need be shown). The crux of his argument is that when trial on severed Count 9 commenced, jeopardy attached with regard to all counts of the original indictment. He claims that Federal Rule of Criminal Procedure 48(a) was violated by the subsequent dismissal of the original indictment without his consent. He does not explain how he was prejudiced by the dismissal and substitution, other than that he "had taken some steps in his defense and revealed certain defense strategies." (Appellant's Br. at 32.) Nor does he note that severance of Count 9 was granted at the defense's request.
 
 
 17
 Castor's challenges to the validity of the indictment are meritless. Castor cites no authority to support the general proposition that an indictment cannot be superseded after trial on a severed count. The superseding indictment differed from the original indictment primarily in the deletion of Count 9, and none of the counts in the superseding indictment charged the same offense with the same elements as Count 9.[10] Thus jeopardy did not attach and Castor has not been "tried" on Counts 1-8 upon the trial for Count 9. See, e.g., United States v. Cyprian, 23 F.3d 1189, 1197-98 (7th Cir.) (double jeopardy bars subsequent prosecution of offense only when offense has same elements as offense already prosecuted), cert. denied, 115 S.Ct. 211 (1994). Because no trial on the remaining counts had yet commenced, the dismissal of the original indictment without the defendant's consent did not violate Rule 48(a).
 
 III
 
 18
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 This section was repealed after Castor's offense by the Firearms Owners' Protection Act of 1986, Pub.L. No. 99-308, Sec. 104(b), 100 Stat. 449, 459. Prosecution for Castor's pre-repeal offense was nonetheless proper under the general saving statute, 1 U.S.C. Sec. 109
 
 
 [2]
 The most significant change in the superseding indictment was the deletion of Count 9, on which Castor had been convicted (hereinafter "Count 9"). Castor was not charged in Count 7 of either indictment; Count 7 charged Marvin with attempting to kill an FBI agent
 
 
 [3]
 The first motion relates to Count 9; the second, Counts 1-3; and the third, Counts 4 and 6
 
 
 [4]
 The "miscarriage of justice" exception to cause and prejudice is narrow: "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986); see also Schlup v. Delo, 115 S.Ct. 851 (1995)
 
 
 [5]
 Castor was sentenced to 18 months imprisonment with credit for time served in the Marion County Jail. According to the computation of the United States Bureau of Prisons, Castor's term of imprisonment, with credit given, expired on February 13, 1990. Judgment on Counts 1-3 was imposed on January 11, 1990. Although the sentencing court did not directly address the matter, it appears that this latter sentence was to run concurrently with the sentence on Count 9, such that Castor's conviction on Count 9 does not now delay his ultimate release date
 
 
 [6]
 In the Notice of Intent to Impeach submitted before trial on Counts 1-3, the government stated that Castor had three state felony convictions, one in 1982 and two in 1984
 
 
 [7]
 It is not self-evident that this section would have retroactive application, though we do not decide the question today. See, e.g., United States v. Rumney, 979 F.2d 265 (1st Cir.1992), cert. denied, 113 S.Ct. 1856 (1993)
 
 
 [8]
 The prosecution impeached Castor's credibility pursuant to Federal Rule of Evidence 609. On the witness stand, Castor admitted he had been convicted for the 1982 battery and for Count 9, but denied the existence of the two 1984 convictions. (Trial Tr. II, at 251-52.)
 
 
 [9]
 Nothing here suggests a fundamental miscarriage of justice or Castor's actual innocence
 
 
 [10]
 The district court misapprehended that Count 8 of the superseding indictment was identical to Count 9 of the original indictment. In fact, Count 8 was the same charge in both documents. The error was of no consequence to the district court's reasoning