UNITED STATES

v.

Antonio D. SCHULER, 256–41–1884,
Hospital Corpsman Second Class
(E–5), U.S. Naval Reserve.

NMCM 96 01316.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 19 July 1995.

Decided 30 Sept. 1997.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

LT J. Russell McFarlane, JAGC, USNR, Appellate Government Counsel.

Before CLARK, Senior Judge, and SEFTON and WYNNE, Appellate Military Judges.

WYNNE, Judge.

We have examined the record of trial, the assignments of error,[1] and the Government's

[1] I. APPELLANT'S PLEA IS IMPROVIDENT BECAUSE THE PROVIDENCE INQUIRY RAISED A DEFENSE TO THE CHARGE.

II. THE SENTENCE IS INAPPROPRIATELY SEVERE BECAUSE APPELLANT REASONABLY BELIEVED THAT THE GIRL WITH WHOM HE HAD INTERCOURSE WAS OVER SIXTEEN AND BECAUSE THIS MISTAKE OF FACT IS NOW A DEFENSE TO THE CHARGE. (References omitted.)

III. THIS COURT IS WITHOUT JURISDICTION TO REVIEW THIS CASE BECAUSE ITS

response. The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. We affirm the findings and sentence. Our reasoning is set out below.

On 19 July 1995, the Appellant was convicted, in accordance with his plea, of the carnal knowledge of a 14–year–old girl in violation of Article 120(b), Uniform Code of Military Justice, 10 U.S.C. § 920(b)(1994), *amended by* Pub.L. No. 104–106, § 1113, 110 Stat. 462 (1996)[hereinafter UCMJ]. The Government presented extensive evidence of the greater offense of rape, but the military judge entered a finding of not guilty to that specification. Record at 285.

The appellant contends that we should find his plea improvident and set aside the findings of guilty because Article 120, UCMJ, 10 U.S.C. § 920 was amended after his conviction. Appellant's Brief and Assignment of Errors at 3, 7.

■ Prior to the 1996 amendment, courts-martial applied the Federal rule that it is "no defense that the accused is ignorant or misinformed as to the true age of the female[.]" MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), Part IV, ¶ 45c(2).[2] But the 1996 amendment created an affirmative defense,

commonly called "reasonable mistake as to the age of the victim."[3] This affirmative defense is raised if the consort is at least 12–years–old, and there is evidence that the accused reasonably believed he or she was at least 16–years–old.[4]

■ The victim was over twelve, and the appellant says that: "He did not know that the girl was under sixteen." Appellant's Brief and Assignment of Errors at 2. Based on these facts, Appellant asserts that "convictions on direct review at the time the conduct in question is rendered no longer unlawful by statute, must abate." *Id.* at 3 (quoting *Hamm v. Rock Hill,* 379 U.S. 306, 312, 85 S.Ct. 384, 389–90, 13 L.Ed.2d 300 (1964)). Said in more modern terms, appellant tells us we must set aside the finding and reconsider his case as if the amended statute were in effect during his trial. This is the common law rule, last fully recognized in *United States v. Chambers,* 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934).

This common law rule is, however, seldom applicable to Federal statutes. "To avoid such abatements—often the product of legislative inadvertence—Congress enacted 1 U.S.C. § 109 [ (1994)(enacted in 1947) ], the general saving clause...." *Warden v. Marrero,* 417 U.S. 653, 660, 94 S.Ct. 2532, 2536,

JUDGES, WHEN ACTING IN THEIR JUDICIAL CAPACITY, ARE PRINCIPAL OFFICERS, WHO HAVE NOT BEEN APPOINTED TO THEIR POSITIONS IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)
IV. APPELLANT'S COURT–MARTIAL LACKS JURISDICTION BECAUSE THE MILITARY TRIAL JUDGE, ACTING IN HIS JUDICIAL CAPACITY, WAS A PRINCIPAL OFFICER, WHO HAD NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)
V. APPELLANT'S COURT–MARTIAL LACKS JURISDICTION BECAUSE THE CONVENING AUTHORITY, IN HIS CAPACITY AS A CONVENING AUTHORITY, WAS A PRINCIPAL OFFICER, WHO HAD NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

2. This provision has been carried forward without change since 1951. *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES (1951 ed.), ¶ 199b. Article 120, UCMJ, 10 U.S.C. § 920 was made gender-neutral by the 1996 amendment. Pub.L. No.

104–106, § 1113, 110 Stat. 462 (enacted Feb. 10, 1996).

3. This defense was not recognized in our Federal courts prior to the Sexual Abuse Act of 1986, 18 U.S.C. §§ 2241–2248 (1994). *See United States v. Ransom,* 942 F.2d 775 (10th Cir.1991). *See also Ex Parte Lane,* 135 U.S. 443, 10 S.Ct. 760, 34 L.Ed. 219 (1890). The amendment to Article 120 was intended "to conform military law to federal [sic] civilian law (18 U.S.C. 2243)...." S. REP. No. 104–112, at 243 (1995).

4. The relevant portions of the amendment read: "[I]t is an affirmative defense [to alleged carnal knowledge] that—.

(A) the person with whom the accused committed the act of sexual intercourse had at the time of the alleged offense attained the age of twelve years; and

(B) the accused reasonably believed that that person had at the time of the alleged offense attained the age of sixteen years." Pub.L. No. 104–106, § 1113, 110 Stat. 462 (enacted Feb. 10, 1996).

41 L.Ed.2d 383 (1974).[5]

Our Supreme Court, and other Federal courts, read the general saving clause, 1 U.S.C. § 109, broadly and apply it rather than the common law in almost every instance of statutory repeal, re-enactment, or amendment. *See generally Warden,* 417 U.S at 660, 94 S.Ct. at 2536–37, and cases and secondary sources cited therein.[6]

Our Supreme Court has applied the common law rather than the "general saving clause" in only two instances. Both involved constitutional claims. *Hamm v. Rock Hill,* 379 U.S. at 312, 85 S.Ct. at 389–90 (general saving clause did not preserve Federal or state prosecutions inconsistent with a specific statute designed to enforce the 14th Amendment. Civil Rights Act of 1964, 42 U.S.C. §§ 1971, 1975a–1975d, 2000a–2000h–6 (1994)); *United States v. Chambers,* 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (prosecutions under statutes invalidated by the constitutional amendment repealing prohibition were not saved). The appellant seeks to apply the common law rule rather than the statute, but his case is not of constitutional import.

Nor does the appellant's appeal to "fairness" raise his case above those historically subjected to the general saving clause, 1 U.S.C. § 109. Appellant's Brief and Assignment of Errors at 2. In cases, like appellant's, which involve no fundamental right, it is no more or less fair, in the general sense of the word, to punish the accused for acts which are no longer criminal than to prematurely exonerate him.[7]

 Even our "awesome, plenary, *de novo* power of review" does not permit us to ignore "Rules for the Government and Regulation of the ... naval Forces" made by the Congress. *Compare United States v. Cole,* 31 M.J. 270, 272 (C.M.A.1990), *with* U.S. CONST. art. I, § 8.

 As to severity of the sentence, Petty Officer Schuler was 26 years of age at the time of the offense. *See* Prosecution Exhibit 3. We also find, solely for purposes of extenuation and mitigation, that Petty Officer Schuler, despite his sworn testimony to the contrary, knew the victim's true age. Record at 45, 61; Art. 66(c), UCMJ, 10 U.S.C. § 866(c).

 All the matters presented to us, including the changes to the substantive law discussed above, were considered by the convening authority. Commander, Marine Forces Reserve, General Court–Martial Convening Authority and Order Number 4–96, 12 Jun 96, at 5. Clemency is not the function of this court, *United States v. Healy,* 26 M.J. 394 (C.M.A.1988), and we cannot say as a matter of fact or law that the sentence, which includes a bad-conduct discharge, is inappropriately severe. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982).

Assignments of Error III–V constitute a systemic attack on court-martial jurisdiction which has no merit. *See United States v. Grindstaff,* 45 M.J. 634 (N.M.Ct.Crim.App. 1997).

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge CLARK and Judge SEFTON concur.

---

5. "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution...." 1 U.S.C. § 109.

6. Our preference for the saving clause over common law is older than the present statute. In 1871, shortly after the common law rule was first applied by our Supreme Court, "Congress enacted its first general saving provision, c. 71, 16 Stat. 432 (1871), to abolish the common-law presumption...." *Warden,* 417 U.S. at 660, 94 S.Ct. at 2536.

7. In 1951 the Court of Military Appeals adopted this approach by implication. Citing the general saving clause, 1 U.S.C. § 109, and a specific saving clause, Act of 5 May 1950, Pub.L. No. 506, § 4, 64 Stat. 108 (1950), the court endorsed a provision of Executive Order 10214 providing that "an offense in violation of the ... Articles for the Government of the Navy ... shall be charged as such and not as a violation of the Uniform Code of Military Justice...." *United States v. Merritt,* 1 C.M.A 56, 60, 1 C.M.R. 56, 60, 1951 WL 1510 (1951).