**UNITED STATES**

**v.**

Charles R. ROSENDAHL, 113–56–3504, Aviation Structural Mechanic (Egress), Second Class (E–5), U.S. Navy.

**NMCM 96 01073.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 15 Feb. 1996.

Decided 23 Dec. 1997.

LT Estela I. Velez, JAGC, USNR, Appellate Defense Counsel.

Capt Allan F. Elmore, JAGC, USNR, Appellate Defense Counsel.

Maj Stephen P. Finn, USMC, Appellate Government Counsel.

LtCol Charles H. Pangburn III, USMCR, Appellate Government Counsel.

Maj William F.L. Rodgers, USMCR, Appellate Government Counsel.

Before LUCAS, Senior Judge, and GRANT and OLIVER, Appellate Military Judges.

GRANT, Judge:

Pursuant to his pleas, the appellant was found guilty of a single specification of carnal knowledge and three specifications of indecent acts with a minor in violation of Articles 120(b) and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920(b) and 934 (1994)[hereinafter UCMJ]. The charges were a consequence of the appellant's consensual sexual relationship with a 15-year-old girl. We specified three issues relating to the possible affirmative defense of mistake of fact on the part of the appellant as to the age of the victim.[1] After carefully considering the matters raised by these specified questions, we conclude that the pleas of guilty to the specifications alleging indecent acts with a minor were not provident because the military judge failed to resolve an inconsistency regarding this affirmative defense. We set aside the findings of guilty as to those offenses and the sentence and we authorize a rehearing.[2]

1. I. WAS THE AFFIRMATIVE DEFENSE OF MISTAKE OF FACT OF THE AGE OF THE VICTIM AVAILABLE TO APPELLANT ON THE CHARGE OF CARNAL KNOWLEDGE AT THE TIME OF HIS COURT–MARTIAL?

II. IF THE DEFENSE IN SPECIFIED ISSUE I WAS AVAILABLE AT THE TIME OF APPELLANT'S COURT–MARTIAL, WHAT EFFECT WOULD THAT HAVE ON THE DEFENSE OF MISTAKE OF FACT TO THE ALLEGATIONS OF INDECENT ACTS WITH A CHILD? (Citation omitted.)

III. IF THE DEFENSE IN SPECIFIED ISSUE I WAS AVAILABLE AT THE TIME OF APPELLANT'S COURT–MARTIAL, WAS THE PLEA PROVIDENT?

2. This case is before us a second time. Following our initial review, a panel of this court concluded that the convening authority had not considered the full clemency petition submitted by the trial defense counsel because certain portions of it had been removed by the staff judge advocate before it was presented to the convening authority. *See United States v. Rosendahl,* No. 96–01073 (N.M.Ct.Crim.App. 28 Apr. 1997) (unpublished opinion). The court set aside the convening authority's action and ordered the record

**Background**

The misconduct involves indecent acts alleged to have occurred first in November, 1993, and again on 4 and 5 July, 1994. The appellant also engaged in sexual intercourse with the victim during the third encounter, hence the carnal knowledge allegation. Charges were preferred on 28 September 1995 and referred for trial by general court–martial on 1 December 1995. The appellant was arraigned on the charges before a military judge on 11 January 1996 and the case docketed for trial on 15 February 1996. Record at 6. In a trial held 15 February 1996, the appellant was found guilty in accordance with his pleas of guilty.

The appellant was charged with carnal knowledge under Article 120(b), UCMJ, 10 U.S.C. § 920(b), as it existed on the date of the offense. The article was later amended by Section 1113 of the National Defense Authorization Act for Fiscal Year 1996, enacted on 10 February 1996. *See* Pub.L. No. 104–106, § 1113, 110 Stat. 186, 462 (1996). In addition to making the offense of carnal knowledge gender-neutral, the amendment added an affirmative defense of mistake of fact if an accused could prove he reasonably believed at the time of the alleged offense that the person with whom there was sexual intercourse had attained the age of 16 years.[3]

returned to the same or a different convening authority for a new action. In response to a separate assignment of error, the court also suggested the record of trial for the initial session be authenticated by the trial judge who presided.

Both actions have been accomplished. The military judge authenticated a record of trial for the initial session. A new staff judge advocate's recommendation was prepared and served on defense counsel who responded with an addendum to his initial clemency request. The convening authority took his action on 29 August 1997, noting that he considered all clemency matters submitted by the appellant, and approved the sentence. The record was returned to this court on 30 September 1997.

3. The exact language of the amendment provides:

(b) Mistake of Fact—Such section (article) is further amended by adding at the end the following new subsection:

"(d)(1) In a prosecution under subsection (b), it is an affirmative defense that—

"(A) the person with whom the accused committed the act of sexual intercourse had at

This change in law became effective **after** commission of the alleged offenses but **before** pleas were entered and a determination of guilt made. The amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b) nullified longstanding guidance in the Manual for Courts–Martial that no such defense existed as to the crime of carnal knowledge. *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), Part IV, ¶ 45c(2) [hereinafter MCM].[4]

The accused also pleaded guilty and was found guilty of three specifications of indecent acts with a minor in violation of Article 134, UCMJ, 10 U.S.C. § 934. The offenses to which the accused pleaded guilty contain the common element that at the time of the alleged offense the victim was under the age of 16 years. *See* MCM, Part IV, ¶ 45b(2)(c) and ¶ 87b(1)(b). Our first specified question concerned the applicability of the mistake of fact defense as added by the amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b), to the offense of carnal knowledge,[5] while our second and third specified questions concerned the applicability of the defense to the indecent acts offenses. The specified questions are triggered because in his unsworn statement during sentencing the accused indicates the following:

> When I first met her she did used to flirt with me. I never knew she was 15. Her mom never said stay away from my daughters or that [C.] was 15. She had no reason to say these things. [C.] would wear a lot of makeup and nice clothes. Her actions were not that of a 15 year old.

Record at 51.

Normally, a plea of guilty which results in a finding of guilty waives any objection as to

the factual issues of guilt. RULE FOR COURTS-MARTIAL 910(j), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]. However, if an accused makes statements after findings but before sentence is announced which are substantially inconsistent with the plea of guilty upon which the finding of guilt is based, the military judge must reopen the providence inquiry. If, following such inquiry, it appears that the accused entered the plea improvidently, a plea of not guilty shall be entered as to the affected charges and specifications. Art. 45(a), UCMJ, 10 U.S.C. § 845(a); R.C.M 910(h)(2). Despite the possible inconsistency, the military judge did not reopen the providence inquiry.

## Applicability of a Mistake-of-Fact Defense to the Crimes of Indecent Acts with a Minor

■ We first address the specifications alleging indecent acts with a minor. Within our jurisprudence, *United States v. Strode*, 43 M.J. 29 (1995), is the leading case on the issue of mistake of fact as a defense to the crime. In *Strode* our higher court observed as follows:

> [A]ge is relevant to prove the elements that the act was indecent and service-discrediting. An act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child. *See United States v. French*, 31 M.J. 57, 59 (C.M.A.1990); *United States v. Tindoll*, 16 C.M.A. 194, 195, 36 C.M.R. 350, 351, 1966 WL 4481 (1966).

> . . . The age of the child is relevant to prove the elements, and the knowledge of

---

the time of the alleged offense attained the age of twelve years; and

"(B) the accused reasonably believed that that person had at the time of alleged offense attained the age of sixteen years.

"(2) The accused has the burden of proving a defense under paragraph (1) by a preponderance of the evidence.".

4. Under the Manual provision, the offense was viewed in terms of strict liability:

It is no defense that the accused is ignorant or misinformed as to the true age of the female, or that she was of prior unchaste character; it is the fact of the girl's age and not his knowl-

edge or belief which fixes his criminal responsibility. Evidence of these matters should, however, be considered in determining an appropriate sentence.
MCM, Part IV, ¶ 45c(2).

5. In *United States v. Schuler*, 47 M.J. 561, 563 (N.M.Ct.Crim.App.1997), we concluded that the defense was not available in a case involving carnal knowledge when the conviction occurred some 7 months before the change in law became effective. This specified question is different because the amendment became effective before the date pleas were entered.

the accused as to the age of the victim is likewise relevant.

... Mistake of fact is available to a military accused who is charged with committing indecent acts with a child· under the age of 16 if he had an honest and reasonable belief as to the age of the person *and* if the acts would otherwise be lawful were the prosecutrix age 16 or older.

*Strode*, 43 M.J. at 32–33 (emphasis in original).

As the parties agree, the possibility of a defense based on mistake of fact as to the age of the victim existed in the instant case for the offenses of indecent acts with a minor.[6] Each specification of which the accused stands convicted involved his action in touching the victim's vagina or inserting his finger into her vagina with intent to gratify his own sexual desires. One act may have been foreplay to the charged offense of carnal knowledge, because they are alleged to have occurred on the same date, but neither specification defining the events of 5 July 1994 contains that particular allegation. The other two indecent acts were not foreplay to a charged offense of carnal knowledge.

Before the amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b) added the affirmative defense of mistake of fact as to age of the victim, this manner of pleading for an offense involving indecent acts with a minor was important to the outcome because it allowed the trier of fact to join the indecent act allegation with the carnal knowledge allegation so as to exclude the mistake of fact defense possibility for that indecent act. If the indecent act accompanied unlawful sexual intercourse for which there was not a mistake of fact defense (carnal knowledge because the co-actor was too young), then the defense also would not apply to the indecent act. Conversely, if the offenses were not joined through the pleadings, then the defense was applicable to the indecent acts crimes. *Strode*, 43 M.J. at 32.

As **charged** in this case, and irrespective of our conclusions as to the applicability of the "new" mistake-of-fact defense to the allega-

tion of carnal knowledge, a mistake-of-fact defense was available to all specifications alleging indecent acts with a minor.

### Providence of the Pleas of Guilty to the Offenses Alleging Indecent Acts with a Minor

■ Even though the mistake-of-fact defense applies to the offenses alleging indecent acts with a minor, the appellant may not be entitled to any relief because he pleaded guilty to the offenses and was found guilty pursuant to his plea. *See* R.C.M. 910(j). For this court to reject a guilty plea, the record of trial must show a substantial basis in law and fact for questioning the guilty plea. *United States v. Vega*, 39 M.J. 79, 80–81 (C.M.A.1994); *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991) (quoting *United States v. Logan*, 22 C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973)); *United States v. Urban*, 45 M.J. 528, 528–529 (N.M.Ct.Crim.App.1996). *See also* Art. 45(a), UCMJ, 10 U.S.C. § 845(a).

"Unlike the civilian criminal justice system, Article 45(a) requires that, in a guilty-plea case, inconsistencies and apparent defenses must be resolved by the military judge or the guilty pleas must be rejected." *United States v. Outhier*, 45 M.J. 326, 331 (1996) (citing *United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A.1976); *United States v. Dunbar*, 20 C.M.A. 478, 43 C.M.R. 318, 1971 WL 12785 (1971)).

■ When the accused's responses reasonably raise the question of a defense, the military judge must make a more searching inquiry. *United States v. Timmins*, 21 C.M.A. 475, 479, 45 C.M.R. 249, 253, 1972 WL 14168 (1972).

■ In his unsworn statement the appellant indicated he did not know the victim was 15 and that she certainly did not act like she was 15. Record at 51. This statement indicates the accused may have had an honest and reasonable belief that the victim was 16 years of age which would have provided a defense to the charged offenses involving indecent acts with a minor, an aspect of the

---

**6.** At no point in the providency inquiry or in listing the elements of the offenses did the mili-

tary judge inquire if the accused knew the age of the victim at the time of the offenses.

case about which the military judge should have made a more searching inquiry. *See* R.C.M. 910(h)(2). Because the judge did not, we conclude that this record does indicate a substantial basis in law and fact for questioning the guilty pleas as to these offenses.

In *Strode*, 43 M.J. 29, where the misconduct was similar to that alleged here, our superior court observed the "real issue" to be "whether the military judge erred when he concluded that the accused's belief as to the age of the victim 'doesn't matter.' " *Id.* at 31. In *Strode*, the trial judge drew that conclusion in a dialogue with the accused during the providence inquiry. In the instant case, the accused's statement comes during sentencing and the military judge let it pass without discussion. The net effect is the same. In *Strode* the error rendered the plea improvident. It does so here as well. Accordingly, we conclude that the guilty pleas to the indecent act allegations were improvident.

### Applicability of the Amendment Establishing an Affirmative Mistake-of-Fact Defense as to Carnal Knowledge

■ The amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b), as enacted on 10 February 1996, was intended "to conform Article 120 to federal civilian law (18 U.S.C. 2243)." *See* H.R. CONF. REP. No. 104–450, at 1628 (1996).[7] No effective date was specified for the amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b). "Absent provisions to the contrary, federal legislation becomes effective on the day of enactment." *Air–Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3rd Cir.1989) (citing *United States v. York*, 830 F.2d 885, 892 (8th Cir.1987) and 2 SUTHERLAND STATUTORY CONSTRUCTION § 33.06 (4th ed. Sands Rev.1986)).

In *United States v. Schuler*, 47 M.J. 561, 563 (N.M.Ct.Crim.App.1997), this court held that because the finding of guilty to an offense of carnal knowledge had been entered, and the court-martial adjourned, well before the effective date of the amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b), the new affirmative defense was not applicable. In that case, the trial was not a pending matter on the date of enactment, only the appeal. *See* R.C.M. 905(e). The question now presented is whether the amendment permitting an accused to raise the affirmative defense of mistake of fact as to the age of the victim is applicable when the act is committed before the effective date of the amendment but the entry of pleas to the alleged offense occurs after that effective date.

■ The general rule is that legislation is considered to be prospective:

Retrospective operation [of legislation] is not favored by the courts, ... and a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application. . . .

The rule is the converse of the general principle that statutes are to operate prospectively and is founded on judicial premonition that retroactive laws are characterized by want of notice and lack of knowledge of past conditions and that such laws disturb feelings of security in past transactions. Retroactive operation will more readily be ascribed to legislation that is curative or legalizing than to legislation which may disadvantageously, though legally, affect past relations and transactions. . . .

2 NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 41.04 (5th ed.1993)(footnotes omitted.).

■ Penal statutes are said to follow the same rules and presumptions regarding retroactive application in some cases, yet apply different rules and presumptions in others. For example, retroactive application of penal statutes detrimental to the accused violates the Constitution's prohibition against *ex post*

---

7. 18 U.S.C. § 2243 makes it unlawful for an individual to knowingly engage in a sexual act with another person who has attained the age of 12 years but has not attained the age of 16 years and is at least four years younger than the person so engaging; it is a defense if the defendant reasonably believed that the other person had attained the age of 16 years. The statute applies within the special maritime and territorial jurisdiction of the United States or in a federal prison.

*facto* laws if the statute is substantive rather than procedural. *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *United States v. McDonagh,* 14 M.J. 415 (C.M.A.1983). But as Justice Chase noted in 1798, "[t]here is a great and apparent difference between making an unlawful act lawful; and the making an innocent action criminal[.]" *Calder,* 3 U.S. (3 Dall.) at 391.

At common law, the repeal of a penal statute led to the abatement of prosecution. In turn, this rule of abatement led to the enactment of general savings clauses. *See generally* 73 AM.JUR.2D *Statutes* §§ 420—422 (1974). Our Congress enacted a Federal savings clause, 1 U.S.C. § 109, "to abolish the common-law presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition in the highest court authorized to review them.'" *Warden v. Marrero,* 417 U.S. 653, 660, 94 S.Ct. 2532, 2536, 41 L.Ed.2d 383 (1974)(quoting *Bradley v. United States,* 410 U.S. 605, 607, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528 (1973)). The application of this section is said to reach not only the repeal of a statute but has been held to apply to statutory amendments as well. *See United States v. Breier,* 813 F.2d 212, 215 (9th Cir. 1987); *United States v. Mechem,* 509 F.2d 1193, 1194 n. 3 (10th Cir.1975)(per curiam).

The general saving statute, 1 U.S.C. § 109, provides in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

The Supreme Court has stated that "the general saving clause does not ordinarily preserve discarded remedies or procedures." *United States v. Blue Sea Line,* 553 F.2d 445, 448 (5th Cir.1977) (quoting *Marrero,* 417 U.S. at 661, 94 S.Ct. at 2537).

> Although the distinction between procedure and substance tends to confuse more than clarify, courts have employed it to determine whether a given statutory change supercedes the prior law in cases arising from acts that occurred before the legislation's effective date. If a statutory change is primarily procedural, it will take precedence over prior law in such cases; if the change affects a penalty, the saving clause preserves the pre-repeal penalty.

*Blue Sea Line,* 553 F.2d at 448.

The Government asserts that the general saving clause of 1 U.S.C § 109 prevents the "retroactive" application of the amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b) to the facts at issue. The Government argues that the amendment brings about substantive change rather than mere procedural change in that it modifies the essence of criminal liability for the carnal knowledge offense. Because it is substantive, the general saving clause applies.

But this distinction between "substantive" and "procedural" can be blurred. Consider *Mechem,* 509 F.2d 1193, which involved the retroactive effect to be given amendments to the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5037 (now §§ 5031–5042). The Act required that a juvenile under 16 be proceeded against under the Federal juvenile statute rather than indicted and tried as an adult, regardless of the nature of the crime or possible penalty. Previous to the amendment, the Federal Juvenile Delinquency Act excluded the defendant Chavez, who had been indicted for rape and murder, from treatment under the statute. The Tenth Circuit Court of Appeals found the predominant purpose of the amendments to be procedural and remedial, as the clear intent was to handle the juvenile delinquent outside the criminal–justice system, despite the fact that Chavez, then 14, would escape criminal liability for his conduct which occurred before the effective date of the amendments. The general savings clause did not cause the provisions of the prior law to apply. The amendments were thus given a retrospective application within the facts of the case where there had been no trial of the indictment prior to the effective date, notwithstanding that the offending conduct occurred prior to that effective date.

In *Blue Sea Line*, 553 F.2d at 449–50 (citing *Mechem*), the Fifth Circuit Court of Appeals observed:

> *Mechem* provides at least some guidance in determining whether a statutory change affects "penalty" or "procedure" for purposes of applying the general saving clause. First, the case suggests a role for reasoning by inference from the statutory language and the legislative history.... Where the question is whether a statutory change affects "penalty" or "procedure", however, the inquiry is preliminary to application of the general saving clause. In the course of this inquiry, *Mechem* properly indicates that statutory language and legislative intent may be consulted in search of implications that Congress was either making a procedural change or reassessing the substance of criminal liability or punishment.
>
> Second, *Mechem* recognized that cases will arise in which it may fairly be said that a statutory change both alters a penalty and modifies a procedure. In determining whether such a statute applies to all proceedings pending at its effective date, a court may inquire into the predominant purpose of the change—procedural modification or penal reassessment....

The amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b), has both substantive and procedural import. In a substantive sense, it changes the criminal liability for an adult having sexual intercourse with a person under 16, because it permits an accused to seek excusal from that criminal liability based on what the accused believed to be the age of the other party at the time. Procedurally, it permits an accused to raise an affirmative defense which may have always existed but which he was previously barred from asserting.

On balance, we conclude that the predominant purpose of the amendment to Article 120(b), UCMJ, 10 U.S.C. § 920(b), was substantive because it clearly changed criminal liability. We conclude the general saving clause in 1 U.S.C. § 109 limits application of the amendment to acts committed after the effective date. Thus, the amendment was not applicable to the appellant's offense, which was committed 19 months before the enactment of the amendment on 10 February 1996.

### Disposition

The findings of guilty to Charge I and its specification (carnal knowledge) are affirmed. The findings of guilty to Charge II and specifications 1, 4, and 6 (indecent acts with a minor) are set aside.[8] The sentence is set aside. The record is returned to the Judge Advocate General. The same or a different convening authority may order a rehearing on Charge II and specifications 1, 4 and 6 thereunder and the sentence. If the convening authority determines that a rehearing on Charge II and specifications 1, 4 and 6 thereunder is impracticable, he may dismiss that Charge and specifications and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence is likewise impracticable, he may approve a sentence of no punishment.

Upon completion of the foregoing, the record will be returned to this court for further review.

Senior Judge LUCAS and Judge OLIVER concur.

---

8. At trial the Government indicated they would present no evidence on Specifications 2, 3, and 5. The military judge entered a finding of not guilty to those specifications and they are no longer before the court.