UNITED STATES, Appellee,

v.

Antonio D. SCHULER, Hospital Corpsman Second Class, U.S. Navy, Appellant.

No. 98–0160.
Crim.App. No. 96–1316.

U.S. Court of Appeals for the Armed Forces.

Argued Nov. 19, 1998.

Decided May 6, 1999.

Gierke, J., filed concurring opinion.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN and CRAWFORD, JJ., joined. GIERKE, J., filed a concurring opinion.

For Appellant: *Lieutenant Commander R.C. Klant,* JAGC, USN (argued); *Lieutenant Commander Rebecca Gilchrist,* JAGC, USN, and *Lieutenant Syed N. Ahmad,* JAGC, USNR (on brief).

For Appellee: *Lieutenant Commander John A. Maksym,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Captain Paul D. Kovac,* USMC (on brief); *Colonel Charles Wm. Dorman,* USMC, *Commander D.H. Myers,* JAGC, USN, *Lieutenant James E. Grimes,* JAGC, USNR, and *Lieutenant J.R. McFarlane,* JAGC, USNR.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of carnal knowledge of a 14–year–old girl, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. He was sentenced to a bad-conduct discharge, confinement for 8 months, forfeiture of $250.00 pay per month for 8 months, and reduction to the lowest enlisted grade.

The convening authority approved these results, and the Court of Criminal Appeals affirmed. 47 MJ 561 (1997).

On appellant's petition, we granted review of the following issue:

WHETHER APPELLANT'S PLEA TO CARNAL KNOWLEDGE IS PROVIDENT WHERE APPELLANT'S ANSWERS RAISED THE MISTAKE OF FACT DEFENSE, ALTHOUGH THE DEFENSE WAS NOT ENACTED UNTIL AFTER TRIAL BUT BEFORE THE CONVENING AUTHORITY'S ACTION.

For the reasons discussed below, we hold that appellant's guilty pleas are provident.

## I.

There are three elements to the offense of carnal knowledge: (1) "[t]hat the accused committed an act of sexual intercourse with a certain person"; (2) "[t]hat the person was not the accused's spouse"; and (3) "[t]hat at the time of the sexual intercourse the person was under 16 years of age." Para. 45b(2), Part IV, Manual for Courts–Martial, United States (1998 ed.); *see* Art. 120(b). During the providence inquiry, appellant agreed that his acts violated each of the three elements.

Appellant's statements during the inquiry into his pleas suggested that, at the time of the offense in August 1994, he believed that his 14–year–old victim was of college age, as she allegedly had told him. These statements did not affect the providence of his pleas because the defense of reasonable mistake of fact was not available at the time of the offense or the trial. As noted in paragraph 45c(2) of the 1995 edition of the Manual, "[i]t is no defense that the accused is ignorant or misinformed as to the true age of the female."

Subsequent to appellant's trial, Article 120 was amended to make available an "affirmative defense" to a charge of carnal knowledge if

(A) the person with whom the accused committed the act of sexual intercourse had at the time of the alleged offense attained the age of twelve years; and

(B) the accused reasonably believed that that person had at the time of the alleged offense attained the age of sixteen years.

National Defense Authorization Act for Fiscal Year 1996, Pub.L. No. 104–106, § 1113,– 110 Stat. 186, 462 (1996). Under the amendment, the accused may raise a defense of reasonable mistake of fact, and the accused has the burden of proof by a preponderance of the evidence. Art. 120(d)(1) and (2). The amendment did not affect the elements that the Government is required to prove in order to obtain a conviction. *Compare* para. 45b(2), Manual, *supra* (1995 ed.), *with* para. 45b(2), Manual, *supra* (1998 ed.). The amendment took effect on February 10, 1996, after the adjudication of findings and sentence in the present case but prior to action by the convening authority and review by the Court of Criminal Appeals.

■ Appellant does not challenge the decision by the military judge at the time of trial to accept his pleas as provident. His position is that, in light of the subsequent amendments to Article 120, the providence of his pleas should be reassessed by appellate authorities.

■ Appellant relies on the common law doctrine of abatement. Under that doctrine, if the act underlying a conviction "is rendered no longer unlawful by statute" during direct review, the proceedings must be terminated in favor of the appellant. *Hamm v. City of Rock Hill*, 379 U.S. 306, 312, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). The doctrine is a form of statutory interpretation that may be applied to reflect a legislative "intention to avoid inflicting punishment at a time when it can no longer further any legislative purpose, and would be unnecessarily vindictive." *Id.* at 313, 85 S.Ct. 384.

The application of the common law doctrine of abatement to federal statutes has been restricted sharply by Congress in the general federal savings statute, 1 USC § 109. This statute, entitled "Repeal of statutes as affecting existing liabilities," provides that

*[t]he repeal of any statute shall not have the effect to release or extinguish any* penalty, forfeiture, or *liability incurred under such statute,* unless the repealing Act shall

so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

(Emphasis added.)

■ Congress enacted this statute "to abolish the common-law presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition in the highest court authorized to review them.'" *Warden v. Marrero,* 417 U.S. 653, 660, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (quoting *Bradley v. United States,* 410 U.S. 605, 607, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973)). The statute applies to amendments as well as repeals. *See, e.g., United States v. Breier,* 813 F.2d 212, 215 (9th Cir.1987); *United States v. Mechem,* 509 F.2d 1193, 1194 n. 3 (10th Cir.1975)(per curiam).

The Supreme Court has held that the general savings statute nullifies the common law doctrine of abatement, at least to the extent that the successor statute "retains the basic offense" and does not substitute "a right for a crime." *Pipefitters Local Union No. 562 v. United States,* 407 U.S. 385, 434–35, 92 S.Ct. 2247, 33 L.Ed.2d 11 (1972) (distinguishing *Hamm v. City of Rock Hill, supra; Bell v. Maryland,* 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964); and *United States v. Chambers,* 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934)); *see United States v. Rumney,* 979 F.2d 265, 267 (1st Cir.1992)(savings clause fosters congressional policy that "one who violates the law should not escape sanction by the mere happenstance that the law was repealed after the criminal act was committed").

The amendment to the statute at issue in the present case, Article 120, retained the basic offense of carnal knowledge. The amendment did not alter the elements of proof; nor did it substitute a right for a crime. The amendment did not grant members of the armed forces the right to engage in sexual intercourse with children under the age of 16. The amendment provides members of the armed forces with an opportunity to raise the defense of mistake of fact—no more. That change is not within the narrow class of legislative actions that would preclude application of the general federal savings statute, as interpreted by the Supreme Court in *Pipefitters.*

## II.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

GIERKE, Judge (concurring):

I agree with the majority opinion. I write separately, however, to suggest an additional basis for arriving at the same conclusion.

In deciding whether the savings clause applies, a number of federal courts have distinguished between substantive and procedural amendments to criminal statutes. *See United States v. Breier,* 813 F.2d 212, 216 (9th Cir.1987); *United States v. Mechem,* 509 F.2d 1193, 1196 (10th Cir.1975); *United States v. Blue Sea Line,* 553 F.2d 445, 449 (5th Cir. 1977). These decisions all recognize that the savings clause applies only to substantive changes in the law.

In my view, the amendment of Article 120 has both substantive and procedural aspects. It is substantive because it changes the offense from a strict liability offense to one where lack of knowledge of the victim's age could be exculpatory. It is procedural because it permits an accused to raise an affirmative defense, allocates the burden of proof, and establishes the quantum of proof.

I believe that the predominant purpose of the amendment was substantive. Accordingly, I agree with the majority's conclusion that the savings clause is applicable to this case, and that appellant's guilty pleas were provident.